Filed 6/16/21  P. v. Sebourn CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSE JAMES SEBOURN,<br><br>Defendant and Appellant. | F079872<br><br>(Super. Ct. No. 1456746)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P.J., Franson, J. and Peña, J.

Appellant Jesse James Sebourn appeals after his petition for resentencing under Penal Code section 1170.95 was denied.[1]  Appellant argues the statute should be construed to permit his resentencing and, additionally, raises equal protection concerns should he not be eligible.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, appellant was charged with one count of murder and one count of conspiracy to commit murder, along with a gang enhancement.  In 2014, after changes to the charges, appellant was tried on a single count of second degree murder.  This trial resulted in a hung jury and mistrial.  In 2016, prior to his retrial, appellant pleaded nolo contendere to the crime of voluntary manslaughter and admitted the gang enhancement.

In 2019, appellant filed a petition for resentencing pursuant to section 1170.95.  The trial court ultimately rejected this petition, ruling that "by its terms, Penal Code section 1170.95 applies only to defendants who have been convicted of murder.  [Appellant] entered a plea to, and was convicted of voluntary manslaughter, and was not convicted of murder.  [Appellant] is therefore ineligible for resentencing."  This appeal timely followed.

## DISCUSSION

### *Standard of Review and Applicable Law*

We review issues of statutory construction de novo.  (*People v. Gonzales* (2018) 6 Cal.5th 44, 49.)  Our goal is to determine the legislative intent of the statute.  "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning."  (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040.)  When the statutory language is unambiguous, its plain meaning controls.  Where the language supports more than one reasonable construction, we may look to extrinsic aids, including the legislative history,

---

[1]    All further code references are to the Penal Code.

for additional guidance. (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105–1106.) Finally, in exceedingly rare situations, the literal meaning of the statutory language may be disregarded to avoid absurd results. (*People v. Bell* (2015) 241 Cal.App.4th 315, 351.)

Relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

### Section 1170.95 Does Not Apply to Manslaughter Convictions

Appellant raises two arguments for why one who was charged with murder, but was convicted of manslaughter, should remain eligible for resentencing under section 1170.95. First, appellant claims that the specific language of section 1170.95, subdivision (a), requiring one be convicted of felony murder or murder under a natural and probable consequences theory conflicts with the broader language of section 1170.95, subdivision (a)(2), which requires one be sentenced for first or second degree murder or have accepted a plea offer in lieu of a trial at which the defendant could not be charged with murder under the new law. He argues from this that

3.

the statute is properly read to include those that pleaded guilty to manslaughter and results in surplusage if appellant is not eligible for resentencing. He alleges his interpretation effectuates the Legislature's intent and that any other reading would create absurd results or surplusage. In concert with this claim, appellant asserts he is entitled to the benefit of the law under the equal protection clause. He finally contends that recent cases coming to the opposite conclusion were wrongly decided. We do not agree.

Section 1170.95 has been construed by several courts, including this one. (See *People v. Harris* (2021) 60 Cal.App.5th 557, review granted Apr. 21, 2021, S267529; *People v. Flores* (2020) 44 Cal.App.5th 985 (*Flores*); *People v. Turner* (2020) 45 Cal.App.5th 428; *People v. Paige* (2020) 51 Cal.App.5th 194; *People v. Sanchez* (2020) 48 Cal.App.5th 914 (*Sanchez*); *People v. Larios* (2019) 42 Cal.App.5th 956, review granted Feb. 26, 2020, S259983 (*Larios*).) These cases have considered and rejected arguments identical or substantially similar to those raised by appellant here.

For example, in *Larios*, this court considered whether section 1170.95 could apply to someone convicted of attempted murder. Concluding it could not, the court wrote:

"We agree with the reasoning of [*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175] and [*People v. Munoz* (2019) 39 Cal.App.5th 738, review granted Nov. 26, 2019, S258234] that the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder. The language and the legislative history of section 1170.95 support this conclusion. And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions. In light of this unambiguous language, Larios is categorically excluded from seeking relief through the section 1170.95 petitioning procedure for his attempted murder convictions, which have long been final." (*Larios*, *supra*, 42 Cal.App.5th at p. 970.)

Similarly, in *Flores*, the court sought to "determine whether section 1170.95 permits persons who were convicted of voluntary manslaughter to have their convictions vacated and to be resentenced." (*Flores*, *supra*, 44 Cal.App.5th at p. 992.) There, a similar argument based on section 1170.95, subdivision (a)(2) was raised and rejected, with the court explaining the argument "places outsized importance on a single clause to the exclusion of the provision's other language," which expressly limits eligibility to those convicted of murder. (*Flores* at pp. 995–996.)

Finally, in *Sanchez*, another case involving one convicted of voluntary manslaughter, the court rejected an equal protection clause argument like that raised here. (*Sanchez*, *supra*, 48 Cal.App.5th at pp. 920–921.) The court found both that those convicted of manslaughter were not similarly situated to those convicted of murder, but that even if they were, a rational basis existed for treating the two groups differently for purposes of resentencing. (*Ibid*.) We agree with the court's conclusion that "the Legislature could have reasonably concluded 'that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the [natural and probable consequences theory] could be excessive and reform was needed only there.'" (*Id*. at p. 921.)

Upon consideration of the arguments raised and the language of the statute, we see no reason to depart from our conclusion in *Larios* that the statutory language limits eligibility to those convicted of murder. And we see no reason to break from those courts, like *Sanchez*, that concluded such line drawing does not violate equal protection principles. Based on these conclusions, appellant cannot make a prima facie showing of eligibility, as he is statutorily ineligible for relief. We thus affirm the trial court's order denying appellant's petition.

## DISPOSITION

The order is affirmed.